**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| RICKY SINGLETON, | ) | |
| *Plaintiff*, | ) | |
| v. | ) | Case No. 1:24-cv-00025-PTG-LRV |
| IKEA US RETAIL, LLC, *et al.*, | ) | |
| *Defendants*. | ) | |

**REPORT AND RECOMMENDATION**

This matter comes before the Court on Plaintiff's Motion for Leave to File a Second Amended Complaint (Dkt. No. 103) (the "Motion" or "Motion to Amend"), the memoranda in support thereof, (Dkt. No. 104), and in opposition thereto, (Dkt. No. 110). The Court dispensed with the hearing scheduled for November 20, 2025 because oral argument would not aid the decisional process. (*See* E.D. Va. L. Civ. R. 7(J).) Upon review of the Motion, the related briefing, the proposed Second Amended Complaint, and the full record in this case, the undersigned recommends that the Motion be DENIED.

**A. Background and Overview of Plaintiff's Proposed Amendments**

On January 5, 2024, Ricky Singleton ("Mr. Singleton" or "Plaintiff") filed a complaint against six defendants: (i) IKEA US Retail, LLC, (ii) IKEA Woodbridge, (iii) Raquel Ely, (iv) Michelle Chenard, (v) Jonathan Scott, and (vi) Ronda Knight (collectively, "Defendants"). (*See* Dkt. No. 1 at 1.) In that original complaint, Mr. Singleton, a former employee of IKEA, brought fourteen claims related to alleged employment discrimination and civil rights violations:

- Race discrimination and disparate treatment in violation of Title VII (Count I, against IKEA);

- Race discrimination and disparate treatment in violation of 42 U.S.C. § 1981 (Count II, against all Defendants);
- Unlawful harassment and hostile work environment in violation of Title VII (Count III, against IKEA);
- Unlawful harassment and hostile work environment in violation of 42 U.S.C. § 1981 (Count IV, against all Defendants);
- Retaliation and unlawful termination in violation of Title VII (Count V, against IKEA);
- Retaliation and unlawful termination in violation of 42 U.S.C. § 1981 (Count VI, against all Defendants);
- Defamation per se (Count VII, against IKEA, Ms. Ely, and Mr. Scott);
- Breach of contract (Count VIII, against all Defendants);
- Conspiracy to interfere with civil rights in violation of 42 U.S.C. § 1985 (Count IX, against all Defendants);
- Action for neglect to prevent civil rights abuses in violation of 42 U.S.C. § 1986 (Count X, against all Defendants);
- Violation of Virginia Human Rights Act, Va. Code § 2.2-3900 (Count XI, against IKEA);
- Violation of Virginia Business Conspiracy, Va. Code § 18.2-499 (Count XII, against all Defendants);
- Civil conspiracy, (Count XIII, against all Defendants); and
- Intentional infliction of emotional distress (Count XIV, against all Defendants).

(*See* Dkt. No. 1 at 19–52.) His allegations largely relate to his termination on January 21, 2022, after his employer discovered Plaintiff's personal relationship with a coworker. (*Id.*)

In the nearly two years since Plaintiff initiated this action, the parties have undertaken multiple, protracted rounds of motion to dismiss briefing. First, on April 3, 2024, Defendants filed a motion to dismiss for insufficient service of process. (Dkt. No. 13). The Court then found that Plaintiff failed to demonstrate that he properly served Defendants Raquel Ely, Michelle Chenard,

Jonathan Scott, and Ronda Knight. (Dkt. No. 19 at 3.) The Court also found that Plaintiff had conceded that "IKEA Woodbridge is a store location and not an individual, corporation, or other legal entity of any kind." (*Id.* at 2.) Accordingly, the Court dismissed those five defendants without prejudice. (*Id.* at 4.) After receiving additional briefing from the parties, the Court reinstated the five defendants, as of September 13, 2024, to provide Plaintiff, who is proceeding *pro se*, an opportunity to fully respond to the service of process arguments submitted by Defendants. (*See* Dkt. No. 26 at 2.) The Court further found that Defendant IKEA US Retail, LLC was properly served. (*Id.* at 4.) On September 17, 2024, Defendant IKEA US Retail, LLC filed a motion to dismiss nine Counts in the complaint.[1] (*See* Dkt. No. 29 at 1.) Following a hearing on that motion, the Court dismissed Counts I, II, III, VII, VIII, IX, X, XIII and XIV. Most of the counts were dismissed without prejudice. Certain of the dismissed counts were dismissed with prejudice to the extent they related to acts that occurred outside the statute of limitations period (Count II) or involved an alleged conspiracy between IKEA and the Prince William County Human Rights Commission (Counts IX and X). The breach of contract claim in Count VIII was dismissed with prejudice in its entirety. (*See* Dkt. No. 51 at 1–3.) The Court also allowed Plaintiff to file an amended complaint within thirty days. (*Id.* at 3.)

Plaintiff filed an amended complaint on March 3, 2025 (the "First Amended Complaint" or "FAC"). (Dkt. No. 52.) In the First Amended Complaint, Plaintiff again named the same six defendants (*compare* Dkt. No. 1 at 1–2 *with* Dkt. No. 52 at 1–2) and re-alleged 13 of the 14 counts from the original complaint.[2] The First Amended Complaint omits the prior breach of contract

---

[1] Those nine Counts were: I (race discrimination and disparate treatment in violation of Title VII); III (unlawful harassment and hostile work environment in violation of Title VII); V (retaliation and unlawful termination in violation of Title VII); VII (defamation per se); VIII (breach of contract); IX (conspiracy to interfere with civil rights in violation of 42 U.S.C. § 1985); X (action for neglect to prevent civil rights abuses in violation of 42 U.S.C. § 1986); XIII (civil conspiracy); and XIV (intentional infliction of emotional distress).

[2] Many of the counts in the First Amended Complaint are re-ordered as compared to the original Complaint but otherwise appear to be substantively the same as their counterparts alleged in the original Complaint. Specifically,

claim (Count VIII) that the Court dismissed with prejudice in its January 2025 Order. Defendants moved to dismiss the First Amended Complaint (*see* Dkt. Nos. 54, 55, 59, 60), and the Court held a corresponding hearing on May 22, 2025, (*see* Dkt. No. 61.) Ultimately, the Court dismissed for insufficient service of process Defendants IKEA Woodbridge, Chenard, Knight and Scott, (*see* Dkt. No. 62), and concluded the case may proceed against Defendants IKEA US Retail, LLC and Ely on Count I (race discrimination and disparate treatment in violation of Title VII); Count III (retaliation in violation of Title VII); Count VII (defamation); and Count X (violation of Virginia Human Rights Act), subject to certain restrictions described in that Order. (Dkt. No. 62.)[4] In August 2025, Plaintiff filed another motion to amend the complaint but apparently did not attach a proposed amended complaint. (Dkt. Nos. 78, 79.) The Court ordered Plaintiff's motion to amend be stricken from the record. (*See* Dkt. No. 82).

Following a series of discovery disputes before the undersigned, (*see* Dkt. Nos. 87, 98), discovery closed on October 17, 2025, (*see* Dkt. No. 77). At the Final Pretrial Conference on October 29, 2025, the District Judge set a schedule for dispositive motions and a trial date of February 24, 2026. (*See* Dkt. No. 106.) One day before that Final Pretrial Conference, Plaintiff filed the pending Motion for Leave to File a Second Amended Complaint ("SAC"). (Dkt. No. 103). The proposed Second Amended Complaint closely mirrors the First Amended Complaint.[6]

---

Count III in the original Complaint became Count II in the FAC, Count V in the original Complaint became Count III in the FAC, Count II in the original Complaint became Count IV in the FAC, Count IV in the original Complaint became Count V in the FAC, Count IX in the original Complaint became Count VIII in the FAC, Count X in the original Complaint became Count IX in the FAC, Count XI in the original Complaint became Count X in the FAC, Count XII in the original Complaint became Count XI in the FAC, Count XIII in the original Complaint became Count XII in the FAC, and Count IX in the original Complaint became Count XIII in the FAC. (*Compare* Dkt. No. 1 *with* Dkt. No. 52.)

[4] In an August 14, 2025 Order, the Court dismissed with prejudice Count XI (Violation of Business Conspiracy VA Code § 18.2-499) of the First Amended Complaint as it pertained to Defendant Ely. (*See* Dkt. No. 82.) The other Defendants named in Count XI previously were dismissed in May 2025 for insufficient service of process. (*See* Dkt. No. 62.)

[6] Notably, Plaintiff's Motion for Leave to File a Second Amended Complaint, docketed on October 28, 2025, also is identical to the motion docketed on August 12, 2025 and stricken by the District Judge on August 14, 2025 (*see* Dkt. Nos. 78, 82). The only difference appears to be the date in the signature line. (*Id.*)

For example, the proposed SAC once again names all six of the defendants named in the original Complaint and the FAC, despite the fact that four of the six defendants were dismissed for insufficient service of process. (*See* Dkt. No. 82.) Additionally, with one exception, the proposed SAC alleges the same counts as those alleged in the FAC and in the same order. (*Compare* Dkt. No. 52 *with* Dkt. No. 103-1.) The one exception is that the purported state law claim for a "Violation of Business Conspiracy," which is Count XI in the FAC does not appear in the proposed SAC. Thus, the proposed SAC has twelve counts instead of the thirteen counts alleged in the FAC. (*See* Dkt. No. 103-1). Plaintiff also purports to have included in the proposed SAC more detailed allegations using information he learned during the discovery period, including new allegations related to Defendants' alleged altering of documents. (Dkt. No. 103 at 1–2.) In sum, Plaintiff seeks leave to amend for two purposes: (i) so that he may "reinstate" claims and parties which this Court has dismissed; and (ii) so that he may supplement his factual allegations to describe instances of "forgery, fraud, discrimination, retaliation, conspiracy, and defamation" by Defendants. (Dkt. No. 103 at 1–2; Dkt. No. 104 at 3.) At this juncture, Plaintiff's Motion to Amend has been fully briefed and is ripe for consideration.

**B. Legal Standard**

1. <u>Federal Rule of Civil Procedure 15</u>

A party may timely amend its pleading once as a matter of course. *See* Fed. R. Civ. P. 15(a)(1). In all other cases, a party must obtain the opposing party's written consent or the court's leave to amend. *See* Fed. R. Civ. P. 15(a)(2). Rule 15 directs that the "court should freely give leave when justice so requires." *Id.* This liberal standard evinces "the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). However, "leave to amend is not to be granted automatically" and the "[d]isposition of a motion to amend is within the sound discretion of the district court."

*Deasy v. Hill*, 833 F.2d 38, 40 (4th Cir. 1987). The Fourth Circuit has instructed that leave to amend may be denied "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber*, 438 F.3d at 426–27; *see also Deasy*, 833 F.2d at 40 ("A motion to amend under Rule 15(a) may be denied where the motion has been unduly delayed and where allowing the amendment would unduly prejudice the non-movant.").

"Whether prejudice exists depends on the nature and timing of the amendment." *Brannen v. Selene Finance LP*, 2:18-CV-602, 2019 WL 13251099, at *2 (E.D. Va. Nov. 14, 2019). An amendment is not prejudicial "if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred." *Laber,* 438 F.3d at 427 (citing *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980)). In contrast, an amendment is prejudicial if it "raises a new legal theory that would require the gathering and analysis of facts not already considered . . . and is offered shortly before or during trial." *Id.* (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). "Bad faith is shown by proof that the moving party's motive is to unduly delay the litigation." *Brannen*, 2019 WL 13251099, at *2 (citing *Ward Elecs. Serv. Inc. v. First Commercial Bank*, 819 F.2d 496, 497 (4th Cir. 1987)). Additionally, if the delay is unexplained, bad faith may be inferred. *Id.* (citing *Nat'l Bank of Wash, v. Pearson*, 863 F.2d 322, 328 (4th Cir. 1988)). Finally, in assessing whether a proposed amendment is futile, the Court considers whether the claim could withstand a motion to dismiss. *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995) (affirming denial of motion to amend "because the proposed amendments could not withstand a motion to dismiss"); *see also Carlisle v. Allianz Life Ins. Co. of N. Am.*, 540 F. Supp. 3d 567, 572 (E.D. Va. 2021) ("A court should deny a motion to amend as futile if the amended complaint could not survive a motion to dismiss.").

2. Federal Rule of Civil Procedure 16

Granting Plaintiff's Motion would require modifying the scheduling orders to reopen discovery. Accordingly, under Rule 16, Plaintiff must demonstrate that there is good cause to modify the scheduling orders. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *see also Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (affirming denial of motion to amend answer under "good cause" standard); *Carlisle v. Allianz Life Ins. Co. of N. Am.*, 540 F. Supp. 3d 567, 571 (E.D. Va. 2021); *Mvuri v. Am. Airlines, Inc.*, 2018 WL 11511776, at *1 (E.D. Va. Nov. 7, 2018) (denying amendment that would have required reopening discovery, continuing the final pretrial conference, and the possibility of additional motions practice). "'Good cause' under Rule 16 'focuses on the timeliness of the amendment,' particularly 'the diligence of the moving party.'" *Carlisle*, 540 F. Supp. 3d at 571 (quoting *Montgomery v. Anne Arundel Cnty*, 182 F. App'x 156, 162 (4th Cir. 2006)). The Court's Rule 16(B) Scheduling Order directed that "[a]ny motion to amend the pleadings or to join a party must be made as soon as possible after counsel or the party becomes aware of the grounds for the motion." (Dkt. No. 77 ⁋15(c).)

**C. Proposed Findings**

The undersigned recommends Plaintiff's Motion be denied because the proposed amendments are untimely, would cause prejudice to the current and proposed Defendants, and are likely futile. The undersigned also recommends denial on the basis that Plaintiff has failed to establish good cause to modify the schedule.

First, the undersigned finds that the proposed amendments are untimely and, thus, prejudicial to Defendants. Specifically, in the Motion to Amend, Plaintiff references "multiple documents" produced by Defendants that "contain false information and misrepresentations of fact, contradictions, and forgery," including his termination letter, two documents tiled "Corrective

Action Form" dated December 10, 2021 and January 21, 2022, an email thread bearing bates numbers IKEA 0000001–0000002, and other email threads between IKEA employees. (Dkt. No. 104 at 1–3.) Defendants represent that they produced those documents on July 31, 2025, nearly three months before discovery closed on October 17, 2025, and well before Plaintiff moved to amend on October 28, 2025. (*See* Dkt. No. 110 at 5.) Moreover, Plaintiff evidently knew about and relied upon some of these documents when he submitted a Position Statement to the Prince William County Human Rights Commission in October 2022. (*See* Dkt. No. 110-1 at 47–58 (attaching as exhibits the 2021 and 2022 Corrective Action Forms).) Thus, the record reflects that Plaintiff had access to the documents he characterizes as "new-found evidence" for months before he moved to amend, and notwithstanding his claim that the evidence "was not available" when he filed his First Amended Complaint, it appears he had certain documents in his possession two years before he initiated this action. (*See* Dkt. No. 104.) Against that backdrop, the undersigned finds Plaintiff's amendments to be untimely and that Plaintiff fails to establish good cause for the delay.

Second, the proposed amendments are likely futile given that they appear to be an effort to "reinstate" claims which the Court has already dismissed, including against defendants the Court found were not properly served and, thus, are not properly before the Court. As chronicled in the background section above, the parties vigorously litigated the plausibility of Plaintiff's allegations in his initial Complaint and First Amended Complaint, including multiple rounds of motions to dismiss, three hearings before the District Judge (Dkt. Nos. 50, 61, 81), and supplemental briefing (Dkt. Nos. 20, 21, 23, 44). Upon the fulsome record, the Court made several findings that bear upon Plaintiff's proposed amendments and whether they are futile. Specifically the Court already determined that certain claims which Plaintiff seeks to resurrect should be dismissed with prejudice, that certain parties Plaintiff seeks to "reinstate" were not properly served within the

ninety-day window set forth in Federal Rule of Civil Procedure 4, and that IKEA Woodbridge cannot be a named defendant because it is a store location and not an individual, corporation, or other legal entity of any kind. (*See* Dkt. Nos. 51, 62, 82.) These shortcomings cannot be remedied through amendments to the pleadings, no matter how many allegations Plaintiff seeks to add. Indeed, the Court already struck Plaintiff's nearly identical motion to amend which was docketed on August 12, 2025. (*See* Dkt. No. 78.) On this record and upon review of the proposed SAC, the undersigned finds that Plaintiff's proposed amendments are futile.

Third, Plaintiff has not demonstrated that there is good cause to modify the schedule to reopen discovery and halt summary judgment briefing, which would necessarily result in continuing the trial set for February 24, 2025. *See* Fed. R. Civ. P. 16(b)(4); *see also Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (affirming denial of motion to amend answer under "good cause" standard). To the contrary, as outlined above, Plaintiff has not exercised the appropriate diligence in seeking leave to amend the complaint to add the proposed allegations, the factual basis for which he has known for months or, perhaps, longer. *See* Dkt. No. 77 (Rule 16(b) Scheduling Order ¶ 15(c), requiring a party to move to amend "as soon as possible after counsel or the party becomes aware of the grounds for the motion"); *Carlisle v. Allianz Life Ins. Co. of N. Am.*, 540 F. Supp. 3d 567, 571 (E.D. Va. 2021) (considering "diligence of the moving party"). Accordingly, the undersigned recommends that Plaintiff's motion to amend be denied pursuant to Rule 16 of the Federal Rules of Civil Procedure because he has not demonstrated good cause to modify the scheduling orders this close to trial after two years of extensive litigation.

**D. Recommendations**

For the reasons stated above, the undersigned recommends that Plaintiff's Motion for Leave to File a Second Amended Complaint (Dkt. No. 103) be DENIED.

**E. Notice**

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

**ENTERED** this 24th day of November, 2025.

/s/ LRV
Lindsey Robinson Vaala
United States Magistrate Judge

Alexandria, Virginia