# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| RICKY SINGLETON, <br> Plaintiff, <br><br> v. <br><br> IKEA US RETAIL, LLC, *et al* <br> Defendant. | Case No.: 1:24-cv-00025-PTG-LRV <br><br> Jury Trial Requested: YES |

## **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT**

Plaintiff Ricky Singleton moves for Summary Judgment on all of his remaining claims asserted in his Complaint against the Defendants IKEA US RETAIL LLC (IKEA) and Raquel Ely (Ms. Ely) (collectively referred to as Defendants) pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rules 7(F) and 56. Mr. Singleton provided the Defendants with detailed documentation and direct evidence in support of his claims during Discovery, and at the same time, the Defendants made it clear that they had no true, honest, factual, or legal material to defend their position or their egregious and unlawful actions against Mr. Singleton. The actions and discriminatory, defamatory, and false allegations conspired and committed by the Defendants against Mr. Singleton have been documented, tracked, collected, and corroborated. The Defendants fail to produce any semblance of a legal argument to defend their malicious and outrageous conduct against Mr. Singleton, and the weak excuses they attempt to pose are clearly

identified as pretext by the sheer volume and evident truth of Mr. Singleton's evidence. There being no genuine issue of material fact that would warrant a trial, Mr. Singleton is entitled to judgment as a matter of law.

Mr. Singleton's remaining claims are: Count One Continuing Race Discrimination and Disparate treatment in Violation of Title VII; Count Three Retaliation and Unlawful Termination in Violation of Title VII; Count Four Continuing Race Discrimination and Disparate treatment in Violation of 42 U.S.C. § 1981; Count Five Unlawful Harassment and Hostile Work Environment in Violation of 42 U.S.C § 1981; Count Six Retaliation and Unlawful Termination in Violation of 42 U.S.C. 1981; Count Seven Defamation per se; and Count Ten Violation of Virginia Human Rights Act § 2.2-3900. In sum, Mr. Singleton alleges IKEA terminated him in violation of Title VII, 42 U.S.C. § 1981, and the Virginia Human Rights Act because of his race and in retaliation for reporting management misconduct and unlawful behavior and assisting with an EEOC Charge brought by Danielle Goodman in November 2021. He also alleges that he was subjected to long term harassment at the hands, hearts, and minds of the Defendants in violation 42 U.S.C. § 1981. Lastly, he acknowledges his termination was defamatory. All of his claims are based on hard facts and documented events, and he has provided extensive evidence and witnesses to support all of his claims.

The Defendants would have the Court believe that Mr. Singleton's claims are "premised entirely on his own uncorroborated version of events," but that is simply not true, as he has provided numerous documents and statements from witnesses, as well as documented records of events. Indeed, Mr. Singleton has substantial evidence that shows he was treated differently than similarly-situated co-workers, harassment based on his race that was sufficiently severe or

pervasive to alter the conditions of his employment, and that the statements included in his termination documents and made during his termination were made with actual malice with the intent of harming Mr. Singleton, his family, their future, and causing lasting harm to both Mr. Singleton's physical and mental health, in full knowledge that their actions were already causing him undue hardship, stress, and mental anguish. The extreme malice was borne of the Defendants' personal animus and their actions were taken to punish Mr. Singleton out of their own personal desire to destroy Mr. Singleton and his honor, credibility, and reputation, as their own lives could be affected by the truth of Mr. Singleton's words and knowledge of their personal misdeeds. The Defendants' malice and personal stake of the individuals involved in causing the extensive and lasting harm to Mr. Singleton is more than sufficient to overcome intracorporate immunity.

For these reasons, as well as those articulated in Plaintiff's Memorandum in Support of Summary Judgment, Mr. Singleton respectfully requests that the Court grant his Motion for Summary Judgment and hold the Defendants responsible and liable for the continuous harm they have caused Mr. Singleton through their misconduct, false actions and statements, and the lasting harm they have caused to Mr. Singleton's physical and mental health, his financial health and security, the negative impact on his family and his relationships, and the continual hardship they have caused to numerous aspects of his life.

Date of Signing: 12/22/2025

Signature of Plaintiff: *Ricky Singleton*

Printed name of Plaintiff: Ricky Singleton, pro se

Ricky Singleton
15240 Mimosa Trail
Dumfries, Virginia 22195
202-816-9165

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing List of Witnesses, was served this 22nd Day of December 2025, to Yvette V. Gatling, counsel for the Defendants, by electronic notification of the court's filing system and addressed as:

Yvette V Gatling, Esq., Littler Mandelson, P.C.
1800 Tysons Blvd Ste 500, Tysons Corner, VA 22102

Date of Signing: 12/22/2025

Signature of Plaintiff: Ricky Singleton

Printed name of Plaintiff: Ricky Singleton

*pro se*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
_____ALEXANDRIA_____ DIVISION

RICKY SINGLETON
Plaintiff(s),

v.

IKEA US RETAIL LLC, et al.,
Defendant(s),

Civil Action Number: __1:24-cv-00025-PTG-LRV__

# LOCAL RULE 83.1 (N) CERTIFICATION

**I declare under penalty of perjury that:**

No attorney has prepared or assisted in the preparation of Plaintiff's Opposition to Defendants' Motion for Summary Judgement and Memorandum of Support of _Plaintiff's Motion for Summary Judgement_.
(Title of Document)

__RICKY SINGLETON__
Name of *Pro Se* Party (Print or Type)

__Ricky Singleton__ (signature)
Signature of *Pro Se* Party

Executed on: __12/22/2025__ (Date)

OR

The following attorney(s) prepared or assisted me in preparation of _____.
(Title of Document)

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document.

_____
(Name of *Pro Se* Party (Print or Type)

_____
Signature of *Pro Se* Party

Executed on: _____ (Date)