**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| **RICKY SINGLETON,**<br><br>        **Plaintiff,**<br><br>    **v.**<br><br>**IKEA US RETAIL LLC,** *et al.*,<br><br>        **Defendants.** | **Civil Action No. 1:24-cv-00025-PTG-LRV** |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO BIFURCATE**

Defendants IKEA US RETAIL LLC (IKEA) and Raquel Ely (Ms. Ely) (collectively referred to as Defendants) move to bifurcate the issue of punitive damages in accordance with FED. R. CIV. P. 42(b) and shows as follows:

Plaintiff Ricky Singleton is seeking punitive damages in this case, and Defendants will be severely prejudiced by the admission of evidence relevant only to the issue of punitive damages if the trial is not bifurcated. Federal Rule of Civil Procedure 42(b) provides that to avoid prejudice, the court may order a separate trial of one or more separate issues. Bifurcation of trials is intended to further convenience, avoid delay and prejudice, and to serve the ends of justice. It is appropriate only when the court believes that separation will achieve the purposes of the rule. *E.E.O.C. v. Consol Energy, Inc.,* No. 1:13-CV-215, 2015 WL 106116, *11 (W.D. Va. Jan. 7, 2015); *9 C. Wright & A. Miller, Federal Practice and Procedure* (1971), sec. 2388. Generally, trial courts are permitted broad discretion in managing their cases and deciding bifurcation matters. *E.E.O.C.* 2015 WL 106116 at *11 (stating a trial court may decide to bifurcate the amount of punitive damages in order to prevent the jury from being influenced on the substantive claim by evidence of defendant's enormous wealth). The decision to bifurcate a trial under Rule 42(b) is committed to the sound

discretion of the trial court. *Silicon Knights v. Epic Games, Inc.,* 2011 WL, 13237487, *1 (E.D. NC Oct. 31, 2011), (citing *Mattison v. Dallas Carrier Corp.,* 947 F.2d 95, 110 (4th Cir. 1991) (bifurcating issue of punitive and compensatory damages).

Specifically, Defendants request that in the first phase of the bifurcated trial, the trier of fact shall determine: (i) liability for compensatory and exemplary damages; and (ii) the amount of compensatory damages. Then, if liability for exemplary damages is established during the first phase of a bifurcated trial, the trier of fact shall, in the second phase of the trial, determine the amount of exemplary damages to be awarded, if any. For these reasons, Defendants respectfully request a bifurcated trial as described herein.

Dated: February 26, 2026

    */s/ Yvette V. Gatling*
Yvette V. Gatling (VSB No. 92824)
ygatling@littler.com
Lauren M. Bridenbaugh (VSB No. 90586)
lbridenbaugh@littler.com
A. Remi Omidiji (VSB No. 99889)
romidiji@littler.com

LITTLER MENDELSON, P.C.
1800 Tysons Boulevard, Suite 500
Tysons Corner, VA. 22102
Telephone: 703.286.3143
Facsimile: 703.842.8211

*Counsel for IKEA US Retail LLC and Raquel Ely*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of February, 2026 a true copy of the foregoing was served through the Court's CM/ECF system on all parties of record, addressed as follows:

Ricky Singleton
15240 Mimosa Trail
Dumfries, VA. 22195
liams.sig@gmail.com

*/s/ Yvette V. Gatling*
Yvette V. Gatling