IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

RICKY SINGLETON,

Plaintiff,

v.

IKEA US RETAIL, LLC, *et al.*,

Defendants.

Case No. 1:24-cv-00025-PTG-LRV

**PLAINTIFF'S MOTION FOR A LIMITED CONTINUANCE OF TRIAL**

Plaintiff Ricky Singleton has represented himself in this case for nearly three years. On November 8, 2026, as the Court directed, undersigned counsel entered an appearance and moved for the *pro hac vice* admission of Attorney Kimberly Russell, with whom undersigned counsel will try this case. The Court stated that, once those filings were made, it would consider "a limited continuance based on the Court and Defendants' availability as well as that of Plaintiff's counsel." (Dkt. 191 at 3). Singleton now respectfully requests a limited continuance and proposes a three-day trial on December 2–4, 2026, or December 9–11, 2026. Either setting would allow this case to be tried on its merits with the assistance of counsel, without reopening discovery and with minimal delay. In support of this motion, Singleton submits the following:

## I. BACKGROUND

### A. Procedural History

1. Singleton filed this action *pro se* on January 5, 2024. (Dkt. 1).

2. On April 23, 2026, the Court directed Singleton to advise whether he had secured counsel and stated that, if he were represented, the Court would "set trial no earlier than the Fall 2026 to allow counsel sufficient time to come up to speed on the case." (Dkt. 160).

3. At the July 23, 2026 hearing on the parties' cross-motions for summary judgment, the Court set a three-day jury trial to begin on November 9, 2026. (Dkt. 163). On September 29, 2026, the Court resolved the remaining summary judgment issues. (Dkt. 167).

4. On November 6, 2026, Singleton spoke with Kimberly Russell of The Russell Law Firm, PLLC, about the possibility of her representing him at trial. That evening, Ms. Russell spoke with undersigned counsel about the possibility of his also serving as trial counsel, provided Singleton could obtain a short continuance to dates on which both counsel were available for a three-day trial. The next day, Singleton filed an emergency motion to continue the trial, which IKEA and Ely opposed. (Dkt. 191 at 1). That motion identified undersigned counsel as local counsel (*Id.*). Undersigned counsel will serve in that role under Local Civil Rule 83.1(E) and will also try the case with Ms. Russell.

5. On November 8, 2026, the Court granted that motion in part, continued the trial one day to November 10, 2026, and directed counsel to file a notice of appearance and an application for *pro hac vice* admission by 12:00 p.m. on November 9, 2026. The Court stated that, if those filings were made, it "will consider a limited continuance." (Dkt. 191 at 2–3).

6. On November 8, 2026, undersigned counsel filed a notice of appearance and a motion for the *pro hac vice* admission of Ms. Russell. (Dkts. 192, 193).

## II. LEGAL STANDARD

### A. Good Cause under Rule 16(b)(4) and the Local Civil Rules

A schedule may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This Court's Local Civil Rules likewise provide that "[n]o continuance will be granted other than for good cause and upon such terms as the Court may impose," E.D. Va. Loc. Civ. R. 7(G), and that dates in a scheduling order may not be continued "in the absence of a

showing of good cause," E.D. Va. Loc. Civ. R. 16(B). Whether to grant a continuance rests within the Court's discretion. *Havee v. Belk*, 775 F.2d 1209, 1223 (4th Cir. 1985); *see also Ungar v. Sarafite*, 376 U.S. 575, 589 (1964) ("The matter of continuance is traditionally within the discretion of the trial judge[.]").

## III. DISCUSSION

Good cause supports a limited continuance here. Counsel for Singleton have satisfied the conditions the Court set in its November 8th Order, the requested continuance is brief and definite, and a short delay will not unduly prejudice IKEA or Ely. Singleton also asks the Court to reset the deadlines that are tied to the trial date.

### A. Counsel have satisfied the conditions the Court set, and they need a brief extension to adequately prepare for trial.

The Court's November 8th Order identified two conditions for considering a limited continuance: the filing of a notice of appearance and an application for *pro hac vice* admission. (Dkt. 191 at 2–3). Both were filed on November 8, 2026, before the Court's deadline (Dkts. 192, 193). The Court has also recognized that newly retained counsel needs "sufficient time to come up to speed on the case." (Dkt. 160). That need is concrete here. Ms. Russell and undersigned counsel first discussed this matter on the evening of November 6, 2026, entered into an engagement agreement with Singleton on November 8, 2026, and both counsel will try the case. The record spans more than 190 docket entries, including several rounds of motions to dismiss, cross-motions for summary judgment, and the Court's rulings narrowing the claims for trial. A few weeks will allow counsel to prepare the examinations, exhibits, and proposed jury instructions that a focused and efficient trial requires.

Singleton recognizes the Court's concern that he did not advise the Court at the two pretrial status conferences that he was still seeking counsel. (Dkt. 191 at 2). Counsel do not ask

the Court to overlook the timing of this request. They ask only for a short, fixed continuance so that the claims the Court has held must be tried can be presented with the assistance of counsel.

**B. The requested continuance is brief and definite and will not prejudice IKEA or Ely.**

Ms. Russell and undersigned counsel are both available for a three-day trial on December 2–4, 2026 (Wednesday through Friday), or December 9–11, 2026 (Wednesday through Friday). If neither setting fits the Court's calendar, both are also available on November 23–25, 2026 (Monday through Wednesday). Each option would begin the trial within five weeks of its current setting. Notably, Singleton does not seek to reopen discovery, and he does not ask the Court to extend any deadline other than those keyed to the trial date. Counsel will be prepared to proceed on whichever date the Court sets, and Singleton will not seek a further continuance absent circumstances that could not have been anticipated.

On the terms proposed by Singleton, a brief continuance will not unduly prejudice IKEA or Ely. Discovery closed in October 2025, summary judgment has been decided, and the evidence will be the same in December as it is today. The trial date has been continued once before, at the request of IKEA and Ely, so that the Court could resolve summary judgment. (Dkts. 141, 148). Representation by counsel should also shorten the trial and reduce disputes over evidence and procedure, to the benefit of the Court, the jury, and the parties.

Undersigned counsel was retained today, November 8, 2026, two days before trial is set to begin, and has not yet conferred with counsel for IKEA and Ely about this motion. Undersigned counsel will contact their counsel on the morning of Monday, November 9, 2026, and will promptly advise the Court of their position. IKEA and Ely opposed Singleton's earlier request for a continuance. (Dkt. 191 at 1).

**C. The deadlines tied to the trial date should be reset to track the new trial date.**

The November 8th Order set a deadline of 12:00 p.m. on November 9, 2026, for objections and proposed additions or changes to the Court's preliminary general and substantive jury instructions. (Dkt. 191 at 3). Singleton respectfully requests that this deadline—and any other pretrial deadline keyed to the November trial setting—be reset to seven days before the new trial date, or to such other date as the Court directs. This will allow trial counsel to review the Court's preliminary instructions and submit any objections in a single, considered filing.

## IV. CONCLUSION

By reason of the foregoing, Plaintiff Rickey Singleton respectfully requests that the Court grant this motion and: (1) continue the trial to December 2–4, 2026, or December 9–11, 2026, or, if neither setting is available, to November 23–25, 2026; (2) reset the deadline for objections and proposed changes to the Court's preliminary jury instructions, any other deadline keyed to the trial date, to seven days before the new trial date; and (3) grant such further relief as the Court deems just and proper.

\\

\\

\\

\\

\\

\\

\\

\\

\\

Dated: November 8, 2026

Respectfully submitted,

*/s/ Jordan D. Howlette*
JORDAN D. HOWLETTE
VSB No.: 97839
Managing Attorney
Justly Prudent
420 Florida Ave. NE, Suite 27
Washington, DC 20002
Tel: (202) 921-6005
Fax: (202) 921-7102
jordan@justlyprudent.com

KIMBERLY RUSSELL
*Pro Hac Vice Admission Pending*
The Russell Law Firm, PLLC
1255 Union Street NE, Suite 700
Washington, DC 20002
Tel: (202) 430-5085
kimberly@russellatlaw.com
*Counsel for Plaintiff*