**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **RICKY SINGLETON,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**IKEA US RETAIL LLC, *et al*.,**<br><br>**Defendants.** | **Civil Action No. 1:24-cv-00025-PTG-LRV** |

**DEFENDANTS' OPPOSITION**
**TO PLAINTIFF'S MOTION FOR CONTINUANCE OF TRIAL**

Defendants IKEA US Retail LLC and Raquel Ely (collectively, Defendants) respectfully oppose Plaintiff's motion for continuance of trial, which Plaintiff filed one day before trial was set to begin, and state as follows:

## I. PROCEDURAL BACKGROUND

Plaintiff chose to file this action *pro se* in January 2024. Dkt. 1. At the hearing on February 25, 2026, the Court converted the hearing on the motion for summary judgment to a status hearing and took the extraordinary step of referring Plaintiff to the Georgetown Law Clinic, which offered him free legal services. After that hearing, the Court stayed this case and did not decide the pending motions for summary judgment until July 23, 2026, to give Plaintiff an opportunity to obtain counsel. Since then, the Court has conducted two pretrial status conferences with the parties. Dkt. 170, 180. At the July 23, 2026 hearing, the Court set this case for trial on November 9, 2026. Plaintiff has had almost nine months to obtain counsel, including through the free legal services of the Georgetown law clinic to which the Court referred him. Plaintiff declined. Now, on the eve of trial, Plaintiff is seeking a continuance because he has belatedly obtained counsel. His request for a continuance should be denied.

## II. DISCUSSION

### A. Any Extension Would Cause Extreme Prejudice to Defendants

Any continuance of this matter would cause extreme prejudice to Defendants. Defendant Raquel Ely book flights and traveled from her home in Florida and is staying in a non-refundable hotel room, booked for the entire week based on the scheduled trial date while she waits for trial to begin. In-house counsel Jessica Bocchinfuso likewise traveled from Pennsylvania to Virginia and is staying in a non-refundable hotel room. Her room is also booked for the entire week for a trial that was set to begin on Monday. Ms. Bocchinfuso has also arranged for child care for the entire week. In addition, Jonathan Scott, one of Defendants' witnesses, who is no longer employed by IKEA, has arranged to appear this week. Continuing the trial because of Mr. Singleton's delay in seeking counsel would cause extreme prejudice to IKEA and Ms. Ely, which would have to bear these costs.

### B. There is No Good Cause for an Extension

There is no good cause for a continuance. In *U.S. v. Inman*, the Fourth Circuit found that that a district court had not abused its discretion in denying a motion for continuance for the purpose of changing counsel when it was not sought until the morning of trial. 487 F.2d 738 (4th Cir. 1973). The court relied on the fact that jurors and witnesses had been summoned as we have here. 487 F.2d at 740. In criminal cases, the Defendant has a right to counsel. In civil cases there is not right to counsel. There is no right to counsel in a civil case. *Sconci v. Brame*, 2014 WL 2985009, *2, (E.D. NC Jun. 25, 2014).

Mr. Singleton chose to bring this case *pro se* and has continued to litigate it *pro se*. Even so, the Court took the extraordinary step of referring him to free legal services, and he failed to take advantage of that opportunity. Allowing him to wait until the day before trial to try to obtain counsel, and then requiring Defendants to bear the costs of continuing the trial, does not constitute good cause, particularly when this case has been pending for almost three years.

Plaintiff has been aware since July 23, 2026 that this case was going to trial on November 9, 2026. If he believed he needed counsel to go to trial, he could have sought a continuance at that time. The Court has held two status conferences since that time. At no point did Plaintiff request a continuance or mention that he was seeking counsel.

Moreover, the fact that Plaintiff has now retained counsel does not justify delaying trial. Courts within this Circuit have rejected continuances where a party had ample time to obtain counsel but waited until late in the proceedings to do so. *See e.g., Elsayed v. Family Fare LLC*, No. 1:18CV1045, 2019 U.S. Dist. LEXIS 204973, at *5-10 (M.D.N.C. Nov. 26, 2019) (denying a combined motion to extend discovery and continue the trial date where the plaintiffs retained counsel shortly before the discovery deadline because their failure to retain counsel in a timely fashion was within their reasonable control); *Hyatt v. Branker*, 569 F.3d 162, 172-73 (4th Cir. 2009) (criminal case holding that a trial court acted within its discretion in refusing to delay trial to permit a change in counsel and emphasizing the court's wide latitude to balance the right to counsel of choice in the criminal context against fairness); *United States v. Bragan*, 499 F.2d 1376, 1379-80 (4th Cir. 1974) (affirming denial of a continuance sought to substitute counsel because the defendant had ample time to obtain counsel and no unbridled right to hold the trial in abeyance).

**C. Pro Se Litigants Must Meet Court's Standards**

*Pro se* litigants are held to the court's standards. *Hill v. Berryhill,* Civil Action No. 1:18-CV-167, 2019 WL 3034671, *3, (N. D. W. Va. Jul. 11, 2019). Although pro se litigants are given liberal treatment by courts, even *pro se* litigants are expected to comply with procedural rules without which effective judicial administration would be impossible."' *Mwabira-Simera v. Morgan State Univ.*, Civil Action No. ELH-10-1497, 2013 WL 128007 at *5 (D. Md. Mar. 26, 2013). *Pro se* litigants are entitled to some deference from courts. *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989) But they as well as other litigants are subject to the time requirements and

respect for court orders without which effective judicial administration would be impossible." *Id.* Courts have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel. *McNeil v. United States*, 508 U.S. 106, 113 (1993) Strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.'" *Id.* Allowing Mr. Singleton to obtain a continuance on the eve of trial would waste judicial resources and the parties' resources. IKEA has already prepared for this trial twice—in February and in November—and requiring it to incur those costs a third time would be patently unfair. This Court's Local Rules disfavor motions for continuance and provide that a trial will not be continued except for good cause. Local Civ. R. 47(F)(2). Mr. Singleton's decision to begin searching for counsel two days before trial, nearly three years into this case and after having had nine months to do so, is not good cause.

## III. CONCLUSION

Mr. Singleton's request for an extension should be denied. If it is not denied, IKEA should be granted its costs for the flights and hotel rooms of its Defendants and the defense costs incurred in the last thirty days as it will have to incur those costs again in preparing for another trial. Plaintiff should be required to pay these costs to IKEA within ten (10) days.

Dated: November 9, 2026

*<u>/s/ Yvette V. Gatling</u>*
Yvette V. Gatling (VSB No. 92824)
ygatling@littler.com
Lauren M. Bridenbaugh (VSB No. 90586)
lbridenbaugh@littler.com
A. Remi Omidiji (VSB No. 99889)
romidiji@littler.com

LITTLER MENDELSON, P.C.
1800 Tysons Boulevard, Suite 500
Tysons Corner, VA 22102
Telephone: 703.286.3143
Facsimile: 703.842.8211

*Counsel for IKEA US Retail LLC and Raquel Ely*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of November, 2026, a true copy of the foregoing was served through the Court's CM/ECF system on all parties of record, addressed as follows:

Ricky Singleton
15240 Mimosa Trail
Dumfries, VA 22195
liams.sig@gmail.com

*/s/ Yvette V. Gatling*
Yvette V. Gatling